# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carla Yvette Christopher, | ) |
|     Plaintiff, | ) |
| vs. | ) Civil Action No. 9:17-68-RMG |
| Nancy Berryhill, Acting Commissioner of Social Security, | ) **ORDER** |
|     Defendant. | ) |

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on March 9, 2018, recommending that the Commissioner's decision be affirmed. (Dkt. No. 20). Plaintiff timely filed objections to the R & R. (Dkt. No. 24). After a careful review of the decision of the Commissioner, the objections of Plaintiff, the record in this matter and the relevant legal authorities, the Court finds that the Magistrate Judge ably addressed the factual and legal issues in this matter and correctly concluded that the decision of the Commissioner should be affirmed. Therefore, as set forth below, the Court adopts the R & R of the Magistrate Judge as the order of the Court, affirms the decision of the Commissioner, and dismisses this action with prejudice.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

## Discussion

Plaintiff's objections center on the determination of the Administrative Law Judge ("ALJ") that she retained the residual functional capacity to perform less than the full scope of light work. Plaintiff argues that her degenerative joint disease and obesity with associated pain rendered her incapable of standing 6 hours in an 8 hour day, an essential element of the performance of light work. The ALJ carefully analyzed the entire record and noted numerous instances where the Plaintiff was documented by her treating physicians at the Fetter Family Health Center to have limited or no joint pain and any complaints of pain were treated with over the counter medications. Tr. 17-19. A review by the Court of the Plaintiff's medical record confirmed numerous instances where she was documented by her treating providers to have normal range of motion, muscle strength and stability in all extremities and no or mild pain. Tr. 741, 759, 761, 762, 764, 765, 772, 774. The record also contains a consulting examination, in which Plaintiff is documented to have normal range of motion in her knees, hips, and ankles with normal gait and station. Tr. 729-731. A non-examining and non-treating physician concluded that the Plaintiff's record demonstrated she had the RFC for light work. Tr. 63-66. As the Magistrate Judge observed, no treating, examining or non-examining physician offered the opinion that Plaintiff's impairments permanently prevented her from performing light work. (Dkt. No. 20 at 10).

Plaintiff makes much of her treating physician completing a form for a handicap permit. The office visit references the need for a handicap permit because the patient gets shortness of breath from prolonged walking after having a deep vein thrombosis in her right leg. A physical

examination performed on Plaintiff that very same day demonstrated normal range of motion in all extremities with no pain. Tr. 757-760.

The record, taken as a whole, provides substantial evidence to support the findings and conclusion of the Commissioner and adequately addresses Plaintiff's impairments in the RFC. The record does contain some conflicting evidence, and it is the duty of the fact finder, in this case the Commissioner, to address that conflicting evidence and to make appropriate findings. The agency's decision addresses the conflicting evidence and provides an adequate and reasonable explanation for the Commissioner's determination.

## Conclusion

Based upon the foregoing, the Court **ADOPTS** the R & R of the Magistrate Judge as the order of the Court, **AFFIRMS** the decision of the Commissioner, and **DISMISSES** this action with prejudice.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
April 3, 2017